# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2025

Lyle W. Cayce
Clerk

———————

No. 22-10265

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

COREY DEYON DUFFEY; JARVIS DUPREE ROSS; TONY R. HEWITT,

*Defendants—Appellants*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-167-1

———————————————————

## ON REMAND FROM
## THE SUPREME COURT OF THE UNITED STATES

Before SOUTHWICK, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:

This case returns to us on remand from the Supreme Court. In this court's original opinion, we held that § 403 of the First Step Act did not apply to "post-enactment resentencings of defendants whose pre-enactment sentences were vacated after the law was enacted." *United States v. Duffey*, 92 F.4th 304, 307 (5th Cir. 2024). We also held that the district court

No. 22-10265

(1) properly applied U.S.S.G. § 2B3.1(b)(4)(B)'s physical restraint sentencing enhancement when resentencing Appellant Corey Deyon Duffey in 2022, and (2) correctly held that it lacked jurisdiction to vacate Appellant Tony R. Hewitt's five 18 U.S.C. § 924(c) convictions "based on the *substantive* crime of bank robbery." *Id.* at 313–15. We therefore affirmed Appellants' sentences. *Id.* at 315.

The Supreme Court "granted certiorari to decide whether § 403(b) of the First Step Act confers the benefit of the Act's more lenient penalties to defendants facing post-Act resentencing following vacatur of their pre-Act sentence." *Hewitt v. United States*, 145 S. Ct. 2165, 2171 (2025). The Court has now held that "all first-time [18 U.S.C.] § 924(c) offenders who appear for sentencing after the First Step Act's enactment date—including those whose previous § 924(c) sentences have been vacated and who thus need to be resentenced—are subject to the Act's revised penalties." *Id.* at 2179. The Court therefore reversed our judgment and remanded to us for further proceedings consistent with its opinion.

Accordingly, we VACATE Appellants' sentences and REMAND to the district court for resentencing consistent with the Supreme Court's opinion and with the unaffected portions of our prior opinion.